# No. 24-20270

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

FEDERAL TRADE COMMISSION,
*Plaintiff – Appellee,*

v.

U.S. ANESTHESIA PARTNERS, INCORPORATED,
*Defendant – Appellant.*

On Appeal from the United States District Court
for the Southern District of Texas
No. 4:23-CV-03560
Hon. Kenneth M. Hoyt

## REPLY OF THE FEDERAL TRADE COMMISSION
## IN SUPPORT OF MOTION TO DISMISS APPEAL
## FOR LACK OF APPELLATE JURISDICTION

HENRY LIU
   *Director, Bureau of Competition*

BRADLEY S. ALBERT
   *Acting Assistant Director*

DANIEL W. BUTRYMOWICZ
TIMOTHY KAMAL-GRAYSON
DYLAN HERTS
PATRICK KENNEDY
   *Attorneys*
FEDERAL TRADE COMMISSION
Washington, DC 20580

ANISHA S. DASGUPTA
   *General Counsel*

IMAD D. ABYAD
MATTHEW M. HOFFMAN
   *Attorneys*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-3579
iabyad@ftc.gov

USAP's opposition fails to show that either of the rulings it challenges falls within the narrow class of interlocutory orders that are appealable under the collateral order doctrine. Rather than making the parties undertake full briefing in a case where appellate jurisdiction is plainly lacking—and potentially delaying district court litigation for several months—the Court should dismiss this appeal now.

USAP's assertion that its claims on appeal somehow implicate "a right not to be tried" is patently false. USAP's first claim is that the FTC cannot bring an action for a permanent injunction under Section 13(b) without *also* bringing an administrative complaint seeking the same relief. That is plainly wrong and contrary to precedent. But even if USAP were correct, it would not mean that USAP has a right not to be tried in federal court. It would mean that USAP would potentially face trials in *both* fora. USAP's second claim boils down to an argument that Section 13(b) is unconstitutional. That claim is also foreclosed by binding precedent, but in any case, contrary to what USAP now argues, it is not the functional equivalent of an immunity defense. An immunity defense must rest on a specific constitutional or statutory guarantee that the defendant will not face trial. USAP points to no such right.

Moreover, immunity defenses are personal to the defendant. Claims that a statute is unconstitutional are not. USAP must await a final judgment before seeking review of this issue.

It is clear that USAP's principal aim in filing this appeal is simply to delay the merits adjudication of the antitrust charges against it. The day after filing its notice of appeal, USAP moved for a stay in district court, arguing that the pendency of the appeal stripped the district court of jurisdiction to conduct any proceedings, including discovery. *See* ECF_155. The reason that courts narrowly construe the collateral order doctrine is precisely to avoid this kind of gamesmanship and interference with a district court's ability to manage proceedings. The Court should not reward USAP's abusive delay tactics—while Texas consumers continue to pay inflated prices as a result of USAP's unlawful conduct—by referring this motion to the merits panel. The appeal should be dismissed now.

I. **USAP'S ARGUMENTS DO NOT IMPLICATE A RIGHT NOT TO BE TRIED.**

USAP's attempt to frame its arguments as involving a "right not to be tried" cannot withstand scrutiny. As the Supreme Court has explained, "virtually every right that could be enforced appropriately by

2

pretrial dismissal might loosely be described as conferring a 'right not to stand trial'," but because "the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs," such a broad construction of the doctrine would eviscerate § 1291's final-decision requirement. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873, 868 (1994). Accordingly, appellate courts must "view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Id*. at 873. For purposes of the collateral order doctrine, the "right not to be tried" must be grounded in a "statutory or constitutional guarantee that trial will not occur." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989); *accord Digital Equip.*, 511 U.S. at 879. Neither of USAP's claims involves a right not to be tried in this sense. The collateral order doctrine thus does not provide a basis for appellate jurisdiction.

### A. Even Under USAP's Flawed Reading of Section 13(b), USAP Would Still Be Subject to Suit in Federal Court.

USAP's argument about the proper construction of Section 13(b) does not implicate any right not to be tried in federal court. At most, USAP's flawed reading of that provision would lead to the conclusion

3

that USAP should face an administrative trial *in addition* to a trial in federal court.

Ignoring the plain text of Section 13(b), USAP argues that the statute requires the FTC to invoke its administrative process before filing a court action for a permanent injunction. Opp. 12.[1] Even if this were correct, it would simply mean that the FTC could not seek a permanent injunction in court without *also* filing an administrative proceeding. Thus, even under USAP's reading, USAP would be subject to suit in federal court, which necessarily means it has no right not to be tried.

USAP raises no serious argument not to be tried in claiming that the FTC's failure to issue an administrative complaint "functionally end[s] the federal court proceedings." Opp. 12. The statutory text USAP relies upon provides that if an administrative complaint is not issued

---

[1] Section 13(b) provides that "after issuance of [a] temporary restraining order or preliminary injunction" in federal court, the FTC must commence an administrative proceeding later "within such period (not exceeding 20 days) as may be specified by the court." 15 U.S.C. § 53(b). The statute plainly allows the FTC to sue in federal court before any administrative complaint has been filed, and it does not impose any administrative complaint requirement where the FTC sues for a permanent injunction only, *see AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 78 (2021).

4

within the prescribed time after issuance of a preliminary injunction or TRO, "the order or injunction shall be dissolved." 15 U.S.C. § 53(b). The text does not say the court complaint must be dismissed or the court proceeding terminated. If an administrative complaint is not timely issued, the court case would thus continue all the way to a final judgment on the request for a permanent injunction.

At most, USAP's arguments suggest that USAP should be defending against the same FTC complaint in another forum—not that USAP has a right not to be tried at all. As we have shown (Mo. 15-16), claims about *where* the litigation should take place are "different in kind" than "a right not to be sued at all," and thus are collaterally unreviewable. *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 501 (1989); *see also Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1064-65 (5th Cir. 1981) (order denying remand from federal to state court collaterally unreviewable). USAP observes that there are differences between administrative and judicial proceedings, but fails to show any reason why those differences are meaningful for purposes of applying the

5

collateral order doctrine in this case.[2] Indeed, this Court has held that a transfer between an Article III court and an Article I court (where judges do not enjoy life tenure) is not reviewable under the collateral order doctrine. *Persyn v. United States*, 935 F.2d 69, 73 (5th Cir. 1991).

### B. USAP's Constitutional Challenge Does Not Implicate a Right Not To Be Tried.

USAP's constitutional claim—that "Section 13(b) … violates the Constitution" (Opp. 17)—likewise does not implicate any right not to be tried. An order rejecting the argument that a statute is unconstitutional ordinarily is not appealable under the collateral order doctrine. The Supreme Court has emphasized that not "every violation of [constitutional] protections" warrants collateral review, *Midland Asphalt*, 489 U.S. at 802, and that "[t]here is a crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges." *Id.* at 801 (internal quotation marks and citation

---

[2] The only procedural difference USAP cites (Opp. 15) is that district court decisions in cases brought under Section 13(b) are appealable to the regional circuit for that district, while petitions for review of FTC decisions may be brought in any circuit where the unfair method of competition was used or where the petitioner resides or carries on business. 15 U.S.C. § 45(c). USAP fails to explain, however, why it would seek appellate review in a court of appeals other than the Fifth Circuit when this case focuses on businesses and conduct in Texas.

6

omitted). USAP's constitutional challenge to Section 13(b) falls in the latter category and is thus collaterally unreviewable. USAP can raise its constitutional argument on appeal from a final judgment.

Contrary to USAP's assertion, the claim that Section 13(b) is unconstitutional is not the "functional equivalent" of "claims of immunity." Opp. 14. Immunity claims focus on the status and rights of the defendant. By contrast, USAP's argument focuses on the authority of the FTC—the plaintiff—to bring the case. That argument is more analogous to a standing challenge, and this Court has held questions of standing "not properly subject to collateral order jurisdiction." *Mi Familia Vota v. Ogg*, 105 F.4th 313, 333 (5th Cir. 2024); *accord Williams v. Davis*, No. 22-30181, 2023 WL 119452, \*2 (5th Cir. Jan. 6, 2023), *cert. denied*, 143 S. Ct. 2464 (2023).

USAP's reliance on *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), is also misplaced. *Axon* did not involve the collateral order doctrine, but rather addressed whether a district court had jurisdiction under 28 U.S.C. § 1331 to entertain a claim that an FTC administrative proceeding was unconstitutional. *See* Mo. 21-22. The Court's analysis of that question has no bearing on the completely separate question of

whether a district court's rejection of a constitutional argument is a "final decision" for purposes of 28 U.S.C. § 1291. In *Axon*, the plaintiffs alleged a "here-and-now" injury from what they described as being subjected to "an illegitimate proceeding, led by an illegitimate decisionmaker." 591 U.S. at 191. Here, by contrast, USAP has no such claim, because it is facing a lawsuit before an Article III judge (who can hardly be characterized as "illegitimate"), and it does not contest the district court's jurisdiction. Furthermore, the Supreme Court made crystal clear in *Axon* that "[n]othing we say today portends newfound enthusiasm for interlocutory review." *Id.* at 192. This is a clear warning against exactly the kind of unduly expansive reading of the collateral order doctrine that USAP is now advocating.

II. **USAP HAS FAILED TO SHOW THAT ITS APPEAL RAISES SERIOUS AND UNSETTLED LEGAL QUESTIONS.**

USAP also fails to demonstrate that its claims raise the kind of "serious and unsettled" legal questions needed to justify collateral order review. *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982); *In re Deepwater Horizon*, 793 F.3d 479, 490 (5th Cir. 2015).

USAP misreads *AMG Capital Management, LLC v. FTC*, 593 U.S. 67 (2021), as leaving open an unsettled question about the

8

interpretation of the "permanent injunction" proviso in Section 13(b). Opp. 19-20. *AMG* described two possible readings of Section 13(b)'s language, 593 U.S. at 76, before settling on what the Court characterized as the "coherent" reading: "[T]he Commission may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, *or* when it seeks only injunctive relief." *Id*. at 78 (emphasis added). The Court thus made clear that the FTC can seek injunctive relief even when administrative proceedings are *not* "foreseen or in progress." *Id*.[3] The district court held that it would not "gainsay" the Supreme Court's pronouncements in *AMG* (ECF_146 at 18) and this Court should not either.[4]

---

[3] USAP erroneously cites to two district court decisions that purportedly "did not decide this issue in the FTC's favor." Opp. 20 n.2. In fact, both of those courts read *AMG* exactly as the FTC does here, and both courts held that—contrary to USAP's argument—the FTC may seek a permanent injunction in court without first initiating administrative proceedings. *See FTC v. Neora LLC*, 552 F.Supp.3d 628, 634-36 (N.D. Tex. 2021); *FTC v. Cardiff*, 2021 WL 3616071, *6-*7 (C.D. Cal. June 29, 2021).

[4] As the district court noted, even if the Supreme Court's statements could be characterized as dicta, "dicta acquires a certain luster when it comes from the U.S. Supreme Court." ECF_146 at 17. And this Court is "generally bound by Supreme Court dicta, especially when it is recent and detailed." *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016) (internal quotation marks and citation omitted).

In a similar vein, USAP's constitutional claim is foreclosed by *Consumers' Research v. CPSC*, 91 F.4th 342 (5th Cir. 2024). The Court there held that under *Humphrey's Executor v. United* States, 295 U.S. 602 (1935), it is not unconstitutional for the Consumer Product Safety Commission to exercise "substantial executive power," even though its members are removable only for cause. *Consumers' Research*, 91 F.4th at 345; *see* Mo. 24-25. USAP points to statements from Judge Willett suggesting that the Supreme Court should reconsider *Humphrey's Executor*. Opp. 23. But unless and until the Supreme Court does so, the issue is settled law. The mere possibility that the Supreme Court will abandon a long-established precedent that it declined to overrule twice in the past four years, *see Collins v. Yellen*, 594 U.S. 220, 255-56 & n.21 (2021), and *Seila Law LLC v. CFPB*, 591 U.S. 197, 203-04 (2020), cannot justify collateral review.

In addition to *Consumers' Research*, USAP's claim is also foreclosed by *Illumina, Inc. v. FTC*, 88 F.4th 1036 (5th Cir. 2023). USAP's argument to the contrary is wrong; *Illumina* specifically addressed—and rejected—the exact argument USAP now advances: that "the FTC unconstitutionally exercised executive powers while

insulated from presidential removal in violation of Article II." 88 F.4th at 1046-47.

USAP argues that it "has a right to petition the Supreme Court to distinguish, cabin, or overrule" *Humphrey's Executor* (Opp. 24), but its ability to seek Supreme Court review in the future does not make the district court's order immediately reviewable under the collateral order doctrine. The theoretical possibility that a binding precedent might be distinguished, cabined, or overruled does not render that precedent—or any lower court's ruling based on it—"unsettled" for purposes of collateral review. Otherwise, no issue would ever be "settled," and the requirement of a serious and unsettled issue would be a dead letter.

## III. THE COURT SHOULD DISMISS THE APPEAL NOW.

The Court should not be swayed by USAP's fallback argument that the motion to dismiss should be carried with the case and decided by a merits panel. Opp. 24-25. This is not a close case of eligibility for collateral review. Rather, USAP is engaging in procedural gamesmanship by using its improper notice of appeal to prevent the district court case from moving forward. *See* ECF_155 (USAP motion to stay district court proceedings in light of appeal). Meanwhile,

consumers seeking anesthesia services throughout the State of Texas continue to pay inflated prices as a result of USAP's anticompetitive conduct. The Court should not reward USAP's abusive tactics. It should dismiss the appeal now.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

Respectfully submitted,

HENRY LIU
    *Director, Bureau of Competition*

BRADLEY S. ALBERT
    *Acting Assistant Director*

DANIEL W. BUTRYMOWICZ
TIMOTHY KAMAL-GRAYSON
DYLAN HERTS
PATRICK KENNEDY
    *Attorneys*

FEDERAL TRADE COMMISSION
Washington, DC 20580

ANISHA S. DASGUPTA
    *General Counsel*

 /s/ Imad Abyad
IMAD D. ABYAD
MATTHEW M. HOFFMAN
    *Attorneys*
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-3579
iabyad@ftc.gov

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing reply complies with the volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2,402 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I certify further that the foregoing reply complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) because it was prepared using Microsoft Word 2010 in 14-point Century Schoolbook.

August 5, 2024  /s/ Imad Abyad
IMAD D. ABYAD
*Attorney*
FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20580